NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

May 1, 2023

Steven J. Luckner, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10 Madison Avenue, Suite 400
Morristown, NJ 07960
*Counsel for Defendant Atlantic Aviation Corp.*

Matthew J. Toscano, Esq.
Patrick P. Toscano, Jr., Esq.
The Toscano Law Firm, LLC
80 Bloomfield Avenue
Suite 101
Caldwell, NJ 07006
*Counsel for Plaintiff*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

  Re: **Charles Vandergroef v. Atlantic Aviation Corp.**
     **Civil Action No. 22-05920 (SDW) (CLW)**

Counsel:

  Before this Court is Defendant Atlantic Aviation Corp.'s ("Defendant") Motion to Dismiss, (D.E. 4), Plaintiff Charles Vandergroef's ("Plaintiff") Complaint, (D.E. 1), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Rule 78, for the reasons discussed below, **GRANTS** Defendant's Motion.

**BACKGROUND & PROCEDURAL HISTORY**

  For more than thirty-seven years, Plaintiff worked as a Line Service Technician/Fueler for Defendant, a Texas-based aviation service corporation. (D.E. 1 ¶¶ 1–2.) Plaintiff alleges that on July 23, 2020, while working in the lobby of Defendant's Teterboro facility, Plaintiff requested and received a face mask from a co-worker ("Co-worker 1") after Plaintiff's own face mask broke. (*Id.* ¶ 8.) The following day, according to Plaintiff, a different co-worker ("Co-worker 2") confronted Plaintiff in an "aggressive manner" about getting Co-worker 1 "in trouble with his boss" for providing Plaintiff a face mask. (*Id.* ¶ 9.) Plaintiff alleges that he put a five-dollar bill on the podium near Co-worker 2 and complained that "he could not believe that such a major cause

for concern was being made over such a menial issue." (*Id.* ¶ 10.) Co-worker 2 allegedly grabbed Plaintiff and tried to escort him from the area, and Plaintiff 'brushed [Co-worker 2 ] off." (*Id.* ¶¶ 10–11.) Co-worker 2 then notified Plaintiff's supervisors about the confrontation and "accused [Plaintiff] of assaulting/pushing him in an unprovoked manner." (*Id.* ¶ 12.)

Defendant issued a Performance Record dated July 24, 2020 to Plaintiff, stating that "[d]ue to the risk that [Plaintiff's] behavior presented to the operation, [Plaintiff's] employment is being terminated immediately. However, due to [Plaintiff's] tenure, [Defendant] will accept [Plaintiff's] request for retirement in lieu of termination." (*Id.* ¶ 15, Ex. B.) Defendant "advised [Plaintiff] that he would no longer be employed by [D]efendant," and Plaintiff and Defendant's representatives signed the Performance Record on July 31, 2020. (*Id.* at Ex. B.)

Plaintiff filed a grievance with his union, the Air Transport District Lodge 142 ("Union"). (*Id.* ¶ 22.) On August 14, 2020, Defendant advised the Union that Plaintiff's grievance was denied and that Defendant "would not overturn [Plaintiff's] termination. (*Id.* ¶ 23.) On September 11, 2020, the Union informed Plaintiff that he had exhausted the grievance procedure and that the Union had closed his case. (*Id.* ¶ 24, Ex. D.)

Plaintiff further alleges that in deciding to terminate Plaintiff's employment, Defendant relied on a videotape of the confrontation involving Co-worker 2, and that Defendant never produced the videotape despite repeated requests. (*Id.* ¶¶ 18, 21, Ex. C.)

On September 8, 2022, Plaintiff filed a two-count Complaint in the Superior Court of New Jersey, Bergen County, alleging a violation of the New Jersey Law Against Discrimination ("NJLAD") (Count I), and alleging fraudulent concealment (Count II). (*See* D.E. 1.) On October 6, 2022, Defendant removed the Complaint to this Court. (*Id.*) The parties thereafter completed timely briefing. (D.E. 4; D.E. 7; D.E. 9.)

**DISCUSSION**

A.

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (confirming that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombley*, 550 U.S. at 555); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard)). Determining whether the allegations in a

complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] . . . that the pleader is entitled to relief." *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

B.

### *NJLAD (Count I)*

Plaintiff's NJLAD claim cannot proceed because he filed the Complaint outside of the two-year statute of limitations for NJLAD claims. "[A] two-year statute of limitations applies to all claims under the NJLAD in which the 'operative facts' arose after July 27, 1993." *Jackson v. Chubb Corp.*, 45 F. App'x 163, 165 (3d Cir. 2002) (quoting *Montells v. Haynes*, 627 A.2d 654, 662 (N.J. 1993)); *see also* N.J. STAT. § 2A:14-2(a) ("[E]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued . . . .").

Here, Plaintiff filed the Complaint on September 8, 2022. (D.E. 1 at 18.)[1] Plaintiff asks this Court to consider September 11, 2020—the date the Union confirmed Plaintiff's grievance was denied and exhausted—the termination date. (*Id.* ¶ 24; D.E. 7 at 10.) The Performance Record was dated July 24, 2020, and the actual termination occurred on July 31, 2020. (D.E. 1 ¶ 15, Ex. B.) "In employment discrimination actions, the limitations period begins with the time of the discriminatory act." *Hanani v. N.J. Dep't of Envtl. Prot.*, 205 F. App'x 71, 76 (3d Cir. 2006) (quoting *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 842 (3d Cir. 1992) (emphasis omitted)); *see also Roa v. Roa*, 985 A.2d 1225, 1228 (N.J. 2010) ("[T]he limitations clock begins to run on a discrete retaliatory act, such as discharge, on the date on which the act takes place."). The Performance Record, which Plaintiff appended to the Complaint, explicitly provides that Plaintiff's employment was "terminated effective immediately" on July 31, 2020, the date the Performance Record was signed by the parties and Plaintiff ceased working at Defendant's facility. (D.E. 1 at Ex. B.) Plaintiff's discharge on July 31, 2020 indubitably functioned as the "time of the discriminatory act, *Hanani*, 205 F. App'x at 76, and therefore triggered the statute of limitations clock. *See Roa*, 985 A.2d at 1228.

Plaintiff cites *Daniels v. Mut. Life Ins. Co.*, 773 A.2d 718 (N.J. Super. Ct. App. Div. 2001), to support the proposition that the statute of limitations does not begin until the day of separation from employment, rather than the date the employee receives notice of termination, and argues that the date the Union grievance was exhausted should serve as the separation date. (D.E. 7 at 8–10.) Plaintiff's argument is ineffective because the day of separation was July 31, 2020—the last day Plaintiff worked for Defendant. Plaintiff does not allege that he worked for Defendant after termination of his employment on July 31, 2020. The language of the Performance Review plainly confirms that Plaintiff was terminated effective July 31, 2020, and the grievance filed with the Union did not serve to stay the separation date or toll the statute of limitations.

Additionally, Plaintiff's reliance on the continuing violation doctrine is unconvincing. "The doctrine provides that when an individual experiences a 'continual, cumulative pattern of tortious conduct, the statute of limitations does not begin to run until the wrongful action ceases.'"

---

[1] Citations of page numbers refer to the D.E. filing page numbers, not to each document's original page numbers.

*Roa*, 985 A.2d at 1231 (quoting *Wilson v. Wal-Mart Stores*, 729 A.2d 1006, 1010 (N.J. 1999)). Here, Plaintiff does not assert that any discriminatory act occurred other than his termination, so the doctrine does not apply. In sum, even when viewing the complaint in the "light most favorable to the plaintiff," *Phillips*, 515 F.3d at 231 (quoting *Pinker*, 292 F.3d at 374 n.7), the date of termination cannot be stretched to meet the statute of limitations; Plaintiff simply did not file the Complaint within the required timeframe. Consequently, this Count is dismissed.

### *Fraudulent Concealment (Count II)*

Plaintiff's claim that Defendant committed fraudulent concealment by failing or refusing to turn over a videotape of the altercation with Co-worker 2 cannot proceed because the allegations are insufficiently pleaded and, further, cannot satisfy the elements of such a claim. (*See* D.E. 1 ¶¶ 18, 21, Ex. C.) To state a claim for fraudulent concealment in New Jersey, a plaintiff must allege:

> (1) That defendant in the fraudulent concealment action had a legal obligation to disclose evidence in connection with an existing or pending litigation; (2) That the evidence was material to the litigation; (3) That plaintiff could not reasonably have obtained access to the evidence from another source; (4) That defendant intentionally withheld, altered or destroyed the evidence with purpose to disrupt the litigation; (5) That plaintiff was damaged in the underlying action by having to rely on an evidential record that did not contain the evidence defendant concealed.

*Rosenblit v. Zimmerman*, 766 A.2d 749, 757–58 (N.J. 2001)); *see also Polhill v. FedEx Ground Package Sys.*, 604 F. App'x 104, 107 n.2 (3d Cir. 2015) (citing *Rosenblit*, 766 A.2d at 757–58). Courts analyze fraudulent concealment under Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). A plaintiff "alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Park v. M & T Bank Corp.*, No. 09-02921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010) (alteration in original) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)).

Here, the Complaint does not provide sufficient specificity to comport with Rule 9(b)'s heightened pleading standard. Plaintiff alleges in conclusory fashion that "Defendant . . . had a legal obligation to . . . disclose and make available the video" and that "Defendant intentionally withheld . . . the video . . . with the purpose of disrupting [sic] this litigation." (D.E. 1 ¶¶ 39, 43.) These allegations, however, are far too generalized and do not "place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Park*, 2010 WL 1032649, at *5 (quoting *Frederico*, 507 F.3d at 200)); *cf. Alpizar-Fallas v. Favero*, 908 F.3d 910, 919 (3d Cir. 2018) (finding that plaintiff's allegations met Rule 9(b)'s standard where "[the plaintiff] ple[aded] the date, time, and place of Appellees' conduct and provided a detailed description of that conduct.")

Even if the Complaint comported with Rule 9(b)'s pleading standard, however, it is important to note that Defendant did not have a duty to disclose. Only three specific types of relationships create a duty to disclose when alleging fraudulent concealment, including:

4

> (1) fiduciary relationships, such as principal and agent, client and attorney, or beneficiary and trustee; (2) relationships where one party expressly reposits trust in another party, or else from the circumstances, such trust necessarily is implied; and (3) relationships involving transactions so intrinsically fiduciary that a degree of trust and confidence is required to protect the parties.

*Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir. 1993) (citing *Berman v. Gurwicz*, 458 A.2d 1311, 1313 (N.J. Super. Ct. Ch. Div. 1981)). Plaintiff and Defendant had an employer-employee relationship, which is not one of the types of relationships that create a duty to disclose. *Snyder v. Dietz & Watson*, 837 F.Supp.2d 428, 444 (D.N.J. 2011) ("The Court is aware of no case that generally imposes on an employer a fiduciary duty to its employees.").

Furthermore, assuming, *arguendo*, Defendant had demonstrated a duty to disclose, the Complaint does not allege that there was existing or pending litigation when Plaintiff sought the evidence, which is a necessary element for a fraudulent concealment claim. *Rosenblit*, 766 A.2d at 757–58. Although Plaintiff contends that he requested the video on May 4, 2021, there was no litigation pending at that time. (D.E. 1 ¶ 21, Ex. C.) The Complaint therefore fails to satisfy the necessary elements for a fraudulent concealment claim. Accordingly, this Count is dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

          /s/ Susan D. Wigenton
          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Cathy L. Waldor, U.S.M.J.